IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY 1997 SESSION

FILED

November 6, 1997

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) C.C.A. No. 01C01-9604-CC-00151 |
| Appellee, | ) |
| | ) Dickson County |
| V. | ) |
| | ) Honorable Leonard W. Martin, Judge |
| | ) |
| DOROTHY SHELDON, | ) (Forgery) |
| | ) |
| Appellant. | ) |

OPINION CONCURRING IN RESULTS

I concur in the result reached by the majority. I write separately however because I have reached the conclusion that venue is proper in this case through a somewhat different rationale than that expressed in the majority opinion.

The indictment in the instant case provides:

> The Grand Jurors for the State of Tennessee, duly elected, impaneled, sworn, and charged to inquire in and for the body of the County of Dickson, in the State aforesaid, upon their oaths, present: Than DOROTHY SHELTON, A/K/A VIRGINIA SHELDON, A/K/A DOROTHY SPANN, A/K/A VICTORIA SPANN, heretofore, to-wit; on or about the 10th day of August, 1993, and prior to the finding of this Indictment, in the County of Dickson aforesaid, then and there unlawfully, and with intent to defraud Tennessee Credit Corporation, Renee Reeves, Agent and Victoria D. Spann of the sum of nine hundred seventy ($970.00) dollars, did forge and make, without the authorization of the said Tennessee Credit Corporation, Renee Reeves, Agent and Victoria D. Spann, a certain paper writing, to-wit: a Retail Installment Contract and Security Agreement, so that the said paper writing purported to bear the signature of the said Victoria D. Spann as drawer, in violation of T.C.A. 39-14-114, all of which is against the peace and dignity of the State of Tennessee.

Thus, Appellant was charged with "making" forged documents to wit: a retail sales contract and a security agreement. The proof showed that those document were prepared in Dickson County based on false information submitted by Appellant

who later signed the documents in Humphreys County.  The majority concludes that the clerk at Leader Furniture Company who filled out the credit application became the unwitting agent of Appellant, and that it was through this agent that the mental element of forgery was committed in Dickson County.  In my view however, the making of the documents in Dickson County by an innocent agent based on the false information submitted by Appellant constituted part of the actus reus of the offense as charged in the indictment, and this action is sufficient to establish venue in Dickson County.

For these reasons I concur in the result reached by the Court.

_____
JERRY L. SMITH, JUDGE